UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

FRANKLIN NICOLOUDAKIS,

                  Petitioner,

            v.

JOE BOCCHINI, et al.,

                  Respondents.

Civil Action No. 13-2009 (MAS)

**OPINION**

---

**SHIPP, District Judge:**

Petitioner Franklin Nicoloudakis ("Petitioner") files the instant Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging a sentence imposed by the State of New Jersey for stalking. For reasons stated below, the Court orders Petitioner to show cause as to why the Petition should not be denied as time-barred or dismissed for failure to exhaust.

### I.    FACTUAL BACKGROUND

The Court recites only those facts relevant to this Opinion. Petitioner was sentenced, after a guilty plea, to a non-custodial term of five years supervised probation on March 31, 2008 for criminal stalking in the fourth degree. (ECF No. 8 at 1.) Petitioner appealed the conviction, and it was affirmed on August 16, 2010. *Id.* at 2. Petitioner did not seek certification with the New Jersey Supreme Court. *Id.*

Petitioner filed the instant Petition on March 29, 2013. After the Court provided a *Mason* notice to Petitioner, advising him that he must bring all of his federal habeas claims in one all-inclusive petition, (ECF No. 3), Petitioner filed an Amended Petition on July 29, 2013. (ECF No. 8.) In the Amended Petition, Petitioner asserts that he has a pending application for post-conviction relief ("PCR") in the state court. *Id.* at 6. However, Petitioner does not state when that

PCR application was filed, or what claims were raised in said application. The Court ordered Respondents to answer, (ECF No. 9), and an Answer was filed on January 10, 2014. (ECF No. 24.)

## II. DISCUSSION

Petitioner asserts that the Court should proceed with the instant Petition, because "to satisfy exhaustion requirement, it is only necessary to present issues to one level of appeals court." (ECF No. 8 at 12.) Therefore, the Court construes the Petition as only raising claims that have been litigated in the state court on direct appeal, without asserting any claims that have been brought for PCR.

### A. "In Custody" and Mootness

Respondents argue that the case should be dismissed because Petitioner is no longer "in custody" as required by 28 U.S.C. § 2254(a) and, as such, the case is now moot. The Court rejects both arguments. Whether a petitioner is "in custody" for the purposes of a § 2254 petition is determined at the time the petition was filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Spencer was incarcerated . . . at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires"); *Kumarasamy v. Att'y. Gen. of U.S.*, 453 F.3d 169, 173 n.7 (3d Cir. 2006) ("[W]hat matters for the 'in custody' requirement is whether the petitioner was in custody ***at the time his habeas petition was filed***") (citation omitted) (emphasis in original). Here, Petitioner was sentenced to five years of supervised probation on March 31, 2008, so his sentence expired on March 31, 2013. The instant Petition was filed on March 29, 2013, two days prior to the expiration of Petitioner's sentence. Therefore, Petitioner satisfies the "in custody" requirement of § 2254.

With regard to Respondents' contention that the case is now moot, the Supreme Court has recognized that a wrongful criminal conviction almost always has continuing collateral

consequences even after a petitioner's sentence has expired. *See Spencer*, 523 U.S. at 8. Indeed, given the sheer breadth of collateral consequences recognized by the Supreme Court, "we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)." *Id.*; *see Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) ("It is clear that petitioner's cause is not moot. In consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror. Because of these 'disabilities or burdens (which) may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him'") (quoting *Fishwick v. United States*, 329 U.S. 211, 222 (1946)). As such, the Court finds that the Petition is not moot.

## B. Statute of Limitations

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d

3

Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999)) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

So, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Gibbs*, 2009 WL 1307449 at *3; *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

4

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Respondents' argue that the Petition is time-barred by 28 U.S.C. § 2244(d)(1). On the face of the Petition, Respondents appear to be correct. Since Petitioner did not seek certification with the New Jersey Supreme Court on direct appeal, his conviction became final at the expiration of time to seek such certification. S*ee* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez*, 132 S.Ct. at 653 ("[B]ecause Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired"). State rules require that a petition for certification with the New Jersey Supreme Court be filed within 20 days after a final judgment of the Appellate Division. N.J. Ct. R. 2:12-3(a). As such, Petitioner's conviction and sentence became final on September 5, 2010. Without tolling, Petitioner's one-year limitations period would have expired on September 5, 2011, long before the instant Petition was filed.

However, as stated above, Petitioner alleges that a PCR application had been filed with the state court. A properly filed state PCR application would statutorily toll the one-year limitations period during the pendency of such application. 28 U.S.C. § 2244(d)(2). Nevertheless, because Petitioner does not provide any evidence of filing the PCR application, nor does the Petition state when the PCR application was actually filed, it is impossible for the Court to determine if statutory tolling is warranted here. Respondents, in their Answer, also do not provide any record evincing filing of the alleged PCR application, which the Court presumes as Respondents asserting that the

alleged PCR application was never filed. Since Petitioner did not file a reply refuting Respondents' defense, despite having had 14 months to do so, (*see* ECF No. 35 at 2), it would be well within the Court's discretion to deny the Petition as untimely. Nonetheless, in the interest of justice, the Court will give Petitioner an opportunity to submit proof of filing of his state PCR application, the status of his PCR application, and to present any tolling arguments Petitioner may wish to make regarding the timeliness of his Petition.

### C. Exhaustion

Exhaustion of state remedies is a necessary prerequisite to a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A). More specifically, the statute provides, in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." *Id.* "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, exhaustion demands that a petitioner must fairly present all federal claims to the highest state court before bringing them in federal court in a federal habeas petition. *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *Robinson v. Beard*, 762 F.3d 316, 328 (3d Cir. 2014) ("AEDPA requires a petitioner in state custody to exhaust all remedies available in the state courts before a federal court can grant his or her habeas petition").

Respondents did not raise an exhaustion defense in their Answer. However, "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. §

2254(b)(3). In that regard, the Supreme Court held that a court of appeal may raise the exhaustion issue *sua sponte* on appeal despite the State's failure to raise the issue in district court. *Granberry v. Greer*, 481 U.S. 129, 133 (1987). This Court and other circuit courts have extended that holding to conclude that district courts also have authority to raise *sua sponte* the issue of exhaustion, even when Respondents do not assert that defense in their Answer.[1] *Reeves v. Holmes*, No. 11-5700, 2014 WL 2196491, at *2 (D.N.J. May 27, 2014); *Hernandez v. Mee*, No. 10-4653, 2011 WL 1599627, at *3 (D.N.J. Apr. 25, 2011); *United States v. Bendolph*, 409 F.3d 155, 173 (3d Cir. 2005) (Nygaard, J, concurring in part and dissenting in part) ("The Supreme Court has held that, in the interests of comity and federalism, courts may raise a habeas petitioner's failure to exhaust state remedies *sua sponte*, even if the government does not") (citing *Granberry*, 481 U.S. at 131); *Scott v. Collins*, 286 F.3d 923, 934 (6th Cir. 2002) (abrogated on other grounds) (extending *Granberry*'s grant of authority to *sua sponte* dismissal on exhaustion grounds to district courts); *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996) (same).

Here, because Petitioner did not seek certification with the New Jersey Supreme Court after his direct appeal had been denied, Petitioner's habeas claims, based solely on issues raised on direct appeal, would appear to be barred for failing to exhaust **all** state court remedies. Petitioner attempts to excuse this failure to exhaust by arguing that "remoteness of being granted certiorari (less than 1 percent) posed a considerable hurdle." (ECF No. 8 at 12.) But, "likely futility on the merits does not excuse a failure to exhaust a claim in state court." *Parker v. Kelchner*, 429 F.3d 58, 63 (3d Cir. 2005). Nonetheless, since the Court is raising the exhaustion

---

[1] The Third Circuit has not made a ruling on this issue.


issue *sua sponte*, the Court will allow Petitioner the opportunity to present arguments as to why his failure to exhaust should be excused.

                                                                                          */s/ Michael A. Shipp*
                                                                                          **Michael A. Shipp, U.S.D.J.**

Dated: 7/15/15