UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANKLIN NICOLOUDAKIS,

     Petitioner,

v.

JOE BOCCHINI, et al.

     Respondents.

Civil Action No. 13-2009 (MAS)

**MEMORANDUM OPINION**

This matter having come before the Court on the Petition for Writ of Habeas Corpus ("Petition") of Petitioner Franklin Nicoloudakis ("Petitioner"), for relief under 28 U.S.C. § 2254. It appearing:

1. On July 15, 2015, the Court issued a show-cause order, directing Petitioner to show cause as to why the Petition should not be denied as time-barred, or in the alternative, dismissed as unexhausted. (*See* Order, July 15, 2015, ECF No. 40.)

2. On August 14, 2015, Petitioner responded to the Court's Prior Order by submitting a sixty-three page letter ("Letter"), much of which did not address the timeliness or the exhaustion issue. (*See* Letter, Aug. 14, 2015, ECF No. 45.)

3. In the Opinion accompanying the show-cause order, the Court found that the Petition appeared to be untimely because Petitioner's state judgment became final for federal habeas purposes on September 5, 2010, and the Petition was not filed until March 29, 2013, well past the one-year statute of limitations for § 2254 petitions. (Op. 5, July 15, 2015, ECF No. 39) ("Prior Op."). Nevertheless, the Court noted that Petitioner alleged he had filed a state application for post-conviction relief ("PCR"), but provided no details of such application. (*Id.*) Because the filing of that state PCR application may implicate statutory tolling, the Court directed Petitioner to

1

provide proof of that application, the status of that application, and any other tolling argument he might wish to present. (*Id.* at 6.)

4. In the Letter, Petitioner finally admits that the state PCR application was filed on April 1, 2013—or, in other words, two days *after* Petitioner filed the instant Petition. (Letter 22.) It is now clear to this Court that Petitioner is not entitled to any statutory tolling, since Petitioner had not sought any post-conviction relief in state court whatsoever prior to the filing of the instant Petition. Accordingly, the Petition is statutorily untimely.

5. Petitioner also presents no valid arguments for equitable tolling. After reviewing the Letter, the Court construes it as raising two equitable tolling arguments. First, Petitioner argues that he was "confused" about when his statutes of limitations, both for the federal habeas and for the state PCR application, would run, and that "[i]gnorance of facts can be a form of shielding one from the truth." (Letter 27.) However, "a petitioner's lack of legal knowledge or miscalculation regarding the one-year filing period does not constitute an extraordinary circumstance triggering equitable tolling." *Phillips v. Nogan*, No. 14-4933 (MAS), 2015 WL 2090247, at *4 (D.N.J. May 4, 2015) (quoting *Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010)). "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Id.* (quoting *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008)). "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 800 (3d Cir. 2013). Therefore, the Court rejects Petitioner's "confusion" argument for equitable tolling.

6. Petitioner's second argument for equitable tolling appears to be that he was intimidated into not filing a timely federal habeas or state PCR application, because the State "over the years

2

ha[s] instilled fear and intimidation," and "caused paralysis in [Petitioner from] aggressively pursuing [his] right to review for collateral relief until near the end of my probationary period." (Letter 28.) The Court finds Petitioner's argument meritless. Nowhere in the Letter does Petitioner allege, or submit evidence proving, that the State had intimidated Petitioner into not filing for state or federal collateral review. As "evidence" of his fear, Petitioner details the numerous interactions he has had with his probation officers and the state courts, regarding to his probationary sentence, and notes that he was always on the verge of being placed in jail. (Letter 28-32.) If that were to constitute good cause to pursue untimely post-conviction remedies, then *every* convict on probation could simply avoid filing for post-conviction relief until they have served their sentences. Petitioner cites no authority for such an overreaching proposition.

7. Furthermore, Petitioner's allegations themselves contradict his assertion of fear. The same interactions Petitioner allegedly had with state officials show that Petitioner has fearlessly challenged the State by filing emergent *pro se* motions (Letter 29), and by hiring an attorney to challenge a state court order that prevented him from attending certain court proceedings (Letter 30). The Court is not sure how Petitioner's fear would have prevented him from seeking post-conviction remedies, when it did not prevent him from initiating other legal proceedings against the State, including ones that are directly related to his sentence. Instead, the Court finds Petitioner's claim of fear dubious. Thus, the Court rejects Petitioner's "fear" argument for equitable tolling.

8. Finally, Petitioner argues that, citing to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), his untimeliness should be excused because of the "actual innocence" exception. In *McQuiggin*, the Supreme Court recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass [despite] expiration of the statute of limitations." *Id.* at 1928. However, "a

3

petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "Th[is] standard is demanding and seldom met." *Id.* (citing *House v. Bell*, 547 U.S. 518, 538 (2006)).

9. Here, however, Petitioner does not proffer evidence of his actual innocence. In fact, Petitioner does not even allege that he was actually innocent. Petitioner does not deny that he committed the acts that led to his conviction, but instead challenges the legal sufficiency of his conviction, by contending that "N.J. appellate courts are wholly dismissive of the mens rea issue with respect to the stalking," and that he was "prosecuted for exercising [his] First Amendment right to Free Speech." (Letter 7-8.) "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see United States v. Brown*, 609 F. App'x 548, 549 (10th Cir. 2015) (applying the *Bousley* standard to a *McQuiggin* "actual innocence" claim); *Phillips v. United States*, 734 F.3d 573, 581 (6th Cir. 2013) (same); *Harris v. Overmyer*, No. 14-4615, 2015 WL 4977002, at *3 (E.D. Pa. Aug. 19, 2015) (same). As such, the Court finds that Petitioner has not met the threshold requirement of actual innocence under *McQuiggin* and, therefore, is not excused for his untimeliness.[1] Accordingly, the Court denies the Petition as time-barred.

---

[1] Petitioner also raises the argument that the one-year limitations period for federal habeas is unconstitutional. However, every circuit court that has addressed this argument has held that the one-year limitations period is constitutional. *See Hill v. Dailey*, 557 F.3d 437, 439 (6th Cir. 2009) (collecting cases from the First, Fourth, Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits concluding that the one-year statute of limitations is constitutional); *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996) (holding that statutory limits on successive petitions and other restrictions defining the proper scope of habeas relief are "normally for Congress to make").

10. Lastly, the Court denies a certificate of appealability. Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

_____
Michael A. Shipp, U.S.D.J.

Dated: 3/7/16