UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANKLIN NICOLOUDAKIS,                :

                 Petitioner,          :     Civil Action No. 13-2009 (MAS)

                                      :

        v.                            :     **MEMORANDUM OPINION**

                                      :

JOE BOCCHINI, et al.                  :

                 Respondents.         :

This matter has come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Franklin Nicoloudakis ("Petitioner"), for relief under 28 U.S.C. § 2254. The Court previously dismissed the Petition as untimely. (Order, Mar. 8, 2016, ECF No. 49.) Presently before the Court is Petitioner's Motion to Amend Judgment, ECF No. 52, seeking reconsideration of the Court's dismissal ("Motion"). It appearing:

1. In the dismissal, in addition to finding that the Petition was statutorily time-barred, the Court also rejected Petitioner's arguments for equitable tolling, finding that: (1) Petitioner's lack of legal knowledge was not good cause for tolling; (2) Petitioner's claim that fear and intimidation by the State coerced him into filing an untimely Petition was not credible; and (3) Petitioner's argument of "actual innocence" under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) was one of legal innocence, not factual innocence as required for relief. (*See* Op. 2-4, Mar. 8, 2016, ECF No. 48 ("Prior Opinion").)

2. The Court construes the Motion as one filed under Federal Rule of Civil Procedure 59(e), since it was filed within 28 days after the entry of the dismissal order. *See* Fed. R. Civ. P. 59(e). Rule 59(e) motions are governed by the same standard as a motion for reconsideration under Local Civil Rule 7.1(i). *Treusch v. Center Square Supermarket, LLC*, No. 11-4874, 2013 WL 1405031,

at *3 (D.N.J. Apr. 5, 2013). Generally, to prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014); *see also Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014). In the Motion, Petitioner does not point to any change in controlling law, nor offer any new evidence in support of the Motion, so the Court confines its analysis of the Motion only to determine if any clear error of law or fact needs to be corrected.

3. Petitioner raises six grounds for objections: (1) the Court erred when it found that Petitioner was not entitled to relief under *McQuiggin*, because his claim, that he did not have the mens rea to commit the stalking offense he was convicted of, was a question of factual innocence, not legal innocence; (2) his lack of legal knowledge about how and when to file a post-conviction relief application was somehow the fault of the Mercer County officials; (3) he has presented credible fear that warrants equitable tolling; (4) the New Jersey stalking statute violates the First Amendment; (5) the one-year statute of limitations for habeas petitions is unconstitutional; and (6) the Court should ignore legal precedent and hold that the one-year statute of limitations is unconstitutional. Ground Four does not challenge the Court's untimeliness ruling, and therefore is irrelevant for the purposes of this Opinion, as it does not point to any error of law or fact relating to the dismissal. Grounds Five and Six, contesting the constitutionality of the statute of limitations, have already been decided in the Prior Opinion, with the Court upholding its constitutionality. (Prior Op. 4 n.1.) As such, The Court will not address Grounds Four, Five, and Six.[1]

---

[1]     As stated above, Petitioner has not presented any intervening change in the controlling law, so there is no reason for the Court to revisit its holding on the constitutionality of the one-year limitations period.

4.  With regard to Ground One, assuming, arguendo, the Court accepts Petitioner's premise that his argument—concerning the mens rea requirement of the charged offense—is related to factual innocence, he failed to point out that he *pleaded guilty* to the stalking offense. (*See* Am. Pet. 1, ECF No. 8.) Therefore, the question of guilt was not so much answered by evidence, or the lack thereof, of the requisite mens rea, but rather because Petitioner admitted guilt. "A counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *United States v. Owens*, 427 F. App'x 168, 171 (3d Cir. 2011) (quoting *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975)).[2] Petitioner cannot simply ignore his admission of guilt now by essentially reneging on the admission, with what amounts to a self-serving argument of "I really did not mean to do it." That is not enough to overcome a guilty plea. *See United States v. Monac*, 120 F. App'x 924, 927 (3d Cir. 2005) (upholding the district court's rejection of the defendant's assertion of actual innocence, because he had pled guilty—even though he claimed that he pled guilty only because he was hoping for a reduced sentence, not because he was factually guilty). Accordingly, the Court denies relief on this ground.

5.  With regard to Ground Two, the contours of Petitioner's argument are unclear.   In Petitioner's own words, he asserts that:

> With respect to the initial filing of the state PCR on April 1, 2013, that can be easily explained.  The officials at Case Management for Mercer County were entirely clueless about the proper filing of a PCR petition.  Petitioner had to search on his own and filed a self-styled petition laying the grounds for relief.  When it was returned, petitioner discovered through the state judiciary website a blank PCR petition which was completed and then submitted as an amended petition in July.

---

[2]     Petitioner raises no argument challenging the knowing and voluntary nature of his guilty plea.

(Mot. 9.)  Apparently, Petitioner blames his own lack of legal knowledge on the Mercer County officials, but the Court is aware of no right under either the federal or state constitution, or any federal or state law, that obligates the county officials to educate Petitioner on the relevant law and procedure.  It is Petitioner's responsibility to either retain counsel or educate himself.  *See Fann v. Arnold*, No. 14-6187, 2016 WL 2858927, at *10 (W.D.N.Y. May 16, 2016) ("It is Plaintiff's responsibility to either retain counsel or to proceed *pro se*."); *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. 15-0412, 2016 WL 126382, at *2 (M.D. La. Jan. 11, 2016) ("Plaintiffs, as pro se litigants, assume all responsibility for their own inadequacies and lack of knowledge of procedural and substantive laws.") (citation omitted); *Andrews v. Knowles*, No. 10-2109, 2011 WL 3880400, at *6 (S.D. Cal. Aug. 10, 2011) ("[A] petitioner who relies on others to assist him retains the 'personal responsibility of complying with the law.'") (quoting *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010)).  Indeed, as evidenced by Petitioner's numerous filings with this Court, replete with citations to voluminous legal authorities, he has demonstrated a capacity to educate himself on relevant legal issues.  Therefore, without more, the only logical conclusion to draw, from the fact that the instant Petition was filed more than two years late, is that it was likely due to mere negligence.  Relief on this ground is denied.

6.  Lastly, Petitioner argues that he has presented credible fear to explain why he filed a belated Petition; namely, that he was under constant threat of being re-incarcerated by state officials.  As the Court stated in the Prior Opinion, "[i]f that were to constitute good cause to pursue untimely post-conviction remedies, then every convict on probation could simply avoid filing for post-conviction relief until they have served their sentences.  Petitioner cites no authority for such an overreaching proposition."  (Prior Op. 3.)  Moreover, "for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the

petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

7. As the Court found previously, "[n]owhere . . . does Petitioner allege, or submit evidence proving, that the State had intimidated Petitioner into *not filing for state or federal collateral review*." (Prior Op. 3 (emphasis added).) Generalized fear of reprisal is not enough to warrant equitable tolling—Petitioner must identify a specific instance of intimidation that actually caused him to forego the opportunity to file the instant Petition. *Brown v. Bullis*, No. 11-0647, 2013 WL 1294514, at \*5 (N.D.N.Y. Feb. 4, 2013) ("A general fear of 'reprisal' . . . is insufficient to warrant equitable tolling, particularly because that fear was not sufficient to deter [plaintiff's] administrative appeals or his request to Prisoners' Legal Services of New York for help in 2009."); *Castro v. City of Chicago*, No. 07-0931, 2013 WL 5435275, at \*3 (N.D. Ill. Sept. 30, 2013) ("[I]f a general fear of police reprisal were sufficient to give rise to equitable tolling, the statute of limitations . . . would be all but vitiated") (citation omitted); *Pratt v. Stop & Shop Supermarket Co., LLC*, No. 09-5417, 2011 WL 579152, at \*5 (E.D.N.Y. Feb. 9, 2011) ("Assuming arguendo that equitable tolling can be based on a reasonable fear of retaliation, plaintiff's generalized allegations of fear are insufficient to warrant equitable tolling.") (citing *Olson v. Fed. Mine Safety*

*& Health Review Comm'n*, 381 F.3d 1007, 1014-15 (10th Cir. 2004)).  To be sure, here, Petitioner did eventually file a petition, and as far as the Court can tell, he was still under the same generalized fear of reprisal when it was filed, so it is unclear why such fear prevented Petitioner from filing a timely petition, but did not prevent him from filing a belated one.  Thus, relief is denied on this ground.

8. Since Petitioner raised no valid ground for reconsideration, the Motion is denied.


_____
Michael A. Shipp, U.S.D.J.

Dated: 7/1/16